Ruffin, C. J.
 

 For the reasons stated in the record, the court concurs in. opinion with his Honor, that there could be no alteration made in the constable’s -return.
 

 But, in our judgment, it was error to reject the evidence offered by the plaintiff for the purpose of sustaining the levy of the constable and the sale by the sheriff, by shewing that the land was well -identified by the description therein' given. It has been stated by this court,
 
 Huggins
 
 v
 
 Ketch-
 
 
 *460
 

 um,
 
 4 Dev. Rep. 414, that the return of the levy need not be in the very words of the act of 1794; though in this, as m other instances, it is safest and most proper to comply with, the terms of the statute. But as the object is, that the sheriff should be at no loss, when he comes to sell under the
 
 venditioni exponas,
 
 as to the land which it is his duty to offer for salé, we thought it would be sufficient, if, from the description given, the sheriff, the parties and the bidders had as correct or as sufficient means of judging as to the identity of the land levied on, as if it had specified “ where situate, on what water course, and whose land adjoining.” If the levy be returned precisely as presented in the act, yet it may require extrinsic evidence to identify the land, and shew that the land sold is that levied on. So it there be a departure from those terms of description, the
 
 onus
 
 lies on one claiming under the levy, of proving clearly, by extrinsic evidence, that the description
 
 therein given does
 
 adequately identify the [and; that it does it as satisfactorily to the mind as if the statute had been literally observed. In the case cited, no such evidence was given: and for that reason the case was sent back to another trial. Here the levy is on “three tracts of land, “ the Home place,”
 
 “
 
 the Lynn place,” and “ the Leonard Greeson place,” containing 400 acres more or less, and belonging to Julius Coley.” To the Judge on the bench those terms, it is true, convey no certain information of the parcels of land. Nor would a call for water courses and adjoining lands, or even for particular corners, have had that effect by themselves. In each case, proof
 
 aliunde
 
 is requisite to apply the description
 
 to
 
 a particular thing; and when so applied, the enquiry results, does the thing answer the description so far as to satisfy a rational mind, that this particular parcel of land is that meant? This extrinsic evidence may be of various kinds,as by showing that certain natural objects called for, or certain courses and distances and corners, or the lines of other tracts are known, and upon survey are found to correspond with the description in a deed or levy. So it may be by shewing that the parcel of land is well known by a particular name; so well known thereby ¡that a sheriff’s return, a will, lease or other, deed, calling it
 
 *461
 
 by that name, would at once convey to the minds of those generally, who reside in the vicinity, a knowledge of the parcel meant. Evidence of this latter kind, if precise and clear, is not less satisfactory than the former. The name of a place, like that oí a man, may, and does serve to identify it to the apprehension of more persons, than a description by coterminous lands and water courses, and with equal certainty. For example, “ Mount Yernon, the late residence of General Washington,” is better known by that name than by a description of it, as situate on the Potomac river, and adjoining the lands of A, B and C. Frequently, indeed, the name of a place, by which it is well known to those, who know it at all, overrules a further and mistaken description.
 
 Proctor
 
 v
 
 Pool,
 
 4 Dev. 370. As a consequence, that name is a sufficient description when no other is superadded. Suppose, for instance, that the return here had described one of these tracts as “Julius Coley’s Leonard Greeson place, which the said Greeson conveyed to said Coley, by deed, of such a date, and duly registered;” and the deed was produced on the trial, and found to describe the land by metes and bounds, and witnesses also proved that the particular parcel conveyed in that deed became known, and was thereafter called “Coley’sLeonard Greeson place:” it would seem impossible that any description could more specially point to the particular parcel. So when witnesses state that the parcel received such a name- — from any cause whatever — and it is so well known thereby that no other parcel could be mistaken for it, the same conclusion would seem to follow. It is nrobable that one Leonard Greeson. for instance, may have leased this land from Coley, or resided on it, or conveyed it to him, or, in some other way became so connected with.it as to impart his name to a certain part of it; and if it be so, it is competent to prove the fact in this, as in every other, inquiry of parcel or not parcel. His Honor appears to have been of that opinion, himself, to some extent; but to have refused the evidence offered, because in strength and fullness it seemed to him insufficient to attach the names to the several tracts, inasmuch as they had not a greater notoriety by those names than “other neighbors’ lands.” We
 
 *462
 
 think this standard entirely
 
 too vague
 
 and uncertain. No ru^e can drawn from it. We cannot tell to what degree or extent the lands of Coley’s neighbors may have received names, as distinguishing them in particular. Nor is it material to the enquiry, whether this tract is well known by the name it bears, that the land of another person is or is not known as well by a similar designation. Besides, this question of identity is one for the Jury. If the description in the levy or deed be not so indefinite that by the help of no evidence can it be told to what subject it applies, the identity of that subject is not for the court, but for the jury to determine on the evidence. For to use the words of my brother, who delivered the opinion of the court in
 
 Huggins and Ketchum,
 
 the enquiry is, whether “
 
 as a fact,
 
 the land levied on is as effectually identified” — that is to say, can be as well known and ascertained by the description given— “as it would have been identified by a description conforming to that prescribed by the act.”
 

 Per Curiam, Judgment reversed and new trial granted.