LUCY BURRUS MAURICE AND HUSBAND, SAMUEL S. MAURICE, ALONZO
BURRUS, JR. AND WIFE, CORA G. BURRUS, ADOLPHUS BURRUS, JR. AND
WIFE, GOLDIE S. BURRUS, GRACE BURRUS BLAND AND HUSBAND, HENRY
F. BLAND, WILLIAM Z. BURRUS AND WIFE, MINNIE A. BURRUS,
MARION BURRUS AUSTIN AND HUSBAND, BRUCE AUSTIN v. HAT-
TERASMAN MOTEL CORPORATION

No. 781SC88

(Filed 7 November 1978)

1. **Boundaries § 10.2— description of land conveyed—admissibility of parol
evidence**
    In an action to quiet title to land, the trial court erred in granting sum-
mary judgment for defendant where the description of the land in question
referred to the property as "Fulchers' homestead" in Hatteras Township, Dare
County, on the Sound at Cape Hatteras and referred to such extrinsic guides
as "D. W. Fulcher's North corner line," "W. J. Williams' heirs' line," "A. C.
Guidly's heirs' line," and "deed from George L. Fulcher to Shipp 25th
February 1886," since such ambiguities as were contained in the description
were latent, and parol evidence could be received to fit the description to the
location of the land.

2. **Rules of Civil Procedure § 41.1— voluntary dismissal—time for taking—im-
proper procedure when affirmative relief sought**
    Plaintiffs could not defeat defendant's motion for summary judgment by
taking a voluntary dismissal after a hearing on the summary judgment motion
where plaintiffs introduced evidence and after the court had signed the sum-
mary judgment but before it was filed with the clerk; moreover, plaintiffs
could not take a voluntary dismissal because defendant had filed a
counterclaim seeking affirmative relief against plaintiffs arising out of the
same transactions alleged in plaintiffs' complaint.

APPEAL by plaintiffs from *Cowper, Judge*. Judgment entered
10 November 1977 in Superior Court, DARE County. Heard in the
Court of Appeals 24 October 1978.

Plaintiffs instituted this action to quiet title to a tract of land lying in Hatteras Township, Dare County, on the Pamlico Sound. Defendant answered, denying plaintiffs' title and alleging sole ownership. Following discovery, defendant moved for summary judgment. This motion was allowed 9 November 1977, and the judgment was filed 10 November 1977. On 9 November 1977, after the judgment had been signed but before it had been filed, plaintiffs filed a notice of voluntary dismissal with the Clerk of Dare County. Plaintiffs appealed from the granting of summary judgment.

*Twiford, Trimpi & Thompson, by Russell E. Twiford and John G. Trimpi, and Herbert L. Thomas for plaintiff appellants.*

*Kellogg, White and Reeves, by Thomas L. White, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiffs urge two assignments of error.

[1]  First. Plaintiffs contend the trial court erred in granting summary judgment. In the summary judgment, the court found:

> [I]t appearing to the Court that the descriptions of the property claimed by the Plaintiffs as set out in the complaint and as contained in the Plaintiffs' deeds is such that the descriptions leave the identity of the land absolutely uncertain and refer to nothing extrinsic by which the same may be identified with certainty and are therefore patently ambiguous, and therefore the motion should be allowed.

The summary judgment was based solely upon this finding of the court.

Plaintiffs rely upon this description:

> [I]n Hatteras Township, Dare County, North Carolina, and more particularly described as follows:

> All that certain parcel of land at Cape Hatteras, known as Fulchers' homestead and described as follows:

>> Beginning at D. W. Fulcher's North corner line, and running from thence along W. J. Williams' heirs' line North-

westerly to the Sound; from thence with the Sound South-
westerly, to A. C. Guidly's heirs' line Southeasterly to the
place of beginning. Containing twenty-five acres more or less,
and also another tract said to contain five acres on such in-
terest in said tract as formerly belonged to George L.
Fulcher and which was conveyed by said Fulcher to said
Shipp the 25th day of February, 1886, and described as
follows:

Beginning at D. T. Fulcher's north corner and running
Northeastwardly to William Salter's Heirs' line; from thence
Northwesterly to the Sound and with the Sound Northwest-
erly to George L. Fulcher's line; and with said Fulcher's line
to the beginning.

A description of land is void unless it is sufficient to identify
the land or refers to something extrinsic by which the land may
be identified with certainty. When the description itself, including
the references to extrinsic things, describes with certainty the
property, parol evidence is admissible to fit the description to the
land. *Overton v. Boyce*, 289 N.C. 291, 221 S.E. 2d 347 (1976); *Sear-
cy v. Logan*, 226 N.C. 562, 39 S.E. 2d 593 (1946); N.C. Gen. Stat.
8-39. Parol evidence is not admissible to enlarge the scope of the
description. *Overton v. Boyce, supra.* If an ambiguity in the
description be latent and not patent, it will not be held void for
uncertainty but parol evidence will be admitted to fit the descrip-
tion to the thing intended. There must be language in the descrip-
tion sufficient to serve as a guide to the ascertainment of the
location of the land. If the ambiguity in the description is patent,
the instrument is void for uncertainty. A patent ambiguity is such
an uncertainty appearing on the face of the instrument that the
court, reading the language in the light of all the facts and cir-
cumstances referred to in the instrument, is unable to derive
therefrom the intention of the parties as to the land involved.

A description of lands by name, where lands have a known
name, is sufficient to allow parol evidence. *Hurdle v. White*, 34
N.C. App. 644, 239 S.E. 2d 589 (1977); *Moore v. Fowle*, 139 N.C. 51,
51 S.E. 796 (1905); *Scull v. Pruden*, 92 N.C. 168 (1885). In *Smith v.
Low*, 24 N.C. 457 (1842), the property involved was described as
the "Julius Coley home place," the "Leonard Greeson place, con-
taining 400 acres, more or less," and the "Lynn Place." The Court

held parol evidence was admissible. The great Chief Justice Ruffin said:

> The name of a place, like that of a man, may and does serve to identify it to the apprehension of more persons than a description by coterminous lands and water-courses, and with equal certainty. For example, "mount Vernon, the late residence of General·Washington," is better known by that name than by a description of it, as situate on the Potomac River, and adjoining the lands of A, B, and C. . . . [T]his question of identity is one for the jury. If the description in the levy or deed be not so indefinite that by the help of no evidence can it be told to what subject it applies, the identity of that subject is not for the court, but for the jury to determine on the evidence; . . ..

Id. at 461.

We hold the description of the land in plaintiffs' complaint is not void as a matter of law. The description refers to the property as "Fulchers' homestead" in Hatteras Township, Dare County, on the Sound at Cape Hatteras. The witness Burrus called it "the old home of George Leftus Fulcher" and that "the Fulcher homestead can be located on the ground by the oak trees and the trees that surround it." Plaintiffs' description refers to such extrinsic guides as "D. W. Fulcher's North corner line," "W. J. Williams' heirs' line," "A. C. Guidly's heirs' line," "deed from George L. Fulcher to Shipp 25th February 1886." Such ambiguities as are contained in the description are latent and parol evidence may be received to fit the description to the location of the land. This assignment of error is sustained.

[2] Second. Can a plaintiff defeat a motion for summary judgment by taking a voluntary dismissal after a hearing on the summary judgment motion where plaintiff introduces evidence and after the court signs the summary judgment but before it is filed with the clerk? The answer is "no." The decision of the court resulting from a motion for summary judgment is one on the merits of the case. All parties have an opportunity to present evidence on the question before the court. Where a party appears at a summary judgment hearing and produces evidence or is given an opportunity to produce evidence and fails to do so, and the question is submitted to the court for decision, he has "rested his case" within the meaning of Rule 41(a)(1)(i) of the North

Carolina Rules of Civil Procedure. He cannot thereafter take a voluntary dismissal under Rule 41(a)(1)(i). To rule otherwise would make a mockery of summary judgment proceedings.

Plaintiffs' effort to take a voluntary dismissal also fails for the reason that defendant had filed a counterclaim seeking affirmative relief against plaintiffs arising out of the same transactions alleged in plaintiffs' complaint. Where defendant sets up a claim for affirmative relief against plaintiffs arising out of the same transactions alleged by plaintiffs, plaintiffs cannot take a voluntary dismissal under Rule 41 without the consent of defendant. *McCarley v. McCarley*, 289 N.C. 109, 221 S.E. 2d 490 (1976). The purported voluntary dismissal by plaintiffs is void and is hereby vacated.

This assignment of error is overruled.

Reversed and remanded.

Judges CLARK and WEBB concur.