FOSTER LEE LOWE AND WIFE, PATRICIA C. LOWE, PLAINTIFFS v. ERNEST WELDON BRYANT AND WIFE, SADIE J. BRYANT; AND BERNIE A. FOWLER (WIDOW), DEFENDANTS

FOSTER LEE LOWE AND WIFE, PATRICIA C. LOWE, PLAINTIFFS v. ERNEST WELDON BRYANT AND WIFE, SADIE J. BRYANT; AND H. V. HOLDER, DEFENDANTS

No. 8117SC51

(Filed 2 February 1982)

**Rules of Civil Procedure § 41.1— voluntary dismissal following motion for involuntary dismissal—involuntary dismissal not proper**

Where, after defendants filed motions to dismiss plaintiffs' cases with prejudice due to the plaintiffs' failure to comply with a court's order of compulsory reference, but before the judge ruled on defendants' motions for involuntary dismissal, plaintiffs filed a notice of voluntary dismissal of both actions pursuant to Rule 41(a), the trial court erred in refusing to recognize plaintiffs' notice of voluntary dismissal. G.S. 1A-1, Rule 41(a)(1) provides that a voluntary dismissal may be taken by a claimant as to any one or more of his claims by simply filing a notice of dismissal at any time before he rests his case. Plaintiffs had not "rested their case" and could, as a matter of right, dismiss the action by the filing of a notice of dismissal. The order dismissing the case with prejudice, entered after plaintiffs' voluntary dismissal, was invalid and had no effect upon plaintiffs' rights.

APPEAL by plaintiffs from *Kivett, Judge.* Judgments entered 22 and 23 October 1980 in Superior Court, SURRY County. Heard in the Court of Appeals 5 June 1981. On petition of plaintiffs to reconsider our former decision filed 7 July 1981, the appeal was reheard on 14 October 1981.

This appeal involves two actions concerning a boundary dispute and property damages. In their first complaint, plaintiffs asserted their rights to certain real property claimed by defendants Ernest Weldon and Sadie J. Bryant [hereafter "the Bryants"], requesting establishment of a boundary between the property of plaintiffs and the Bryants. Plaintiffs alleged in the alternative that defendant Bernie A. Fowler owed them damages for breach of warranty in the deed from Fowler to plaintiffs. In their second complaint, plaintiffs alleged defendants Bryants and H. V. Holder had damaged plaintiffs' property by wrongfully cutting timber on the acreage in dispute and requested $100,000 in damages. The defendants in both actions filed answers denying the allegations in plaintiffs' complaints and requesting dismissal of plaintiffs' complaints, taxation of costs against plaintiffs and other proper relief.

Judge Albright found that the pleadings in both cases raised complicated issues involving disputed boundaries and long accounts. He ordered both cases to compulsory reference and ordered each party in the first action to deposit $1,500 to cover expected costs of the reference and each party in the second action to deposit $500.

A show cause order was issued when the plaintiffs failed to pay their $2,000 deposit. Judge Walker found plaintiff Foster Lowe in wilful contempt of court and fined him $200. Plaintiff Foster Lowe gave notice of appeal from the order holding him in contempt of court but later withdrew his appeal.

The defendants in both actions filed motions pursuant to Rule 41(b), N.C. Rules Civ. Proc., to dismiss the cases with prejudice due to plaintiffs' failure to comply with the court's order of compulsory reference. Judge Kivett conducted a hearing on these motions to dismiss on 1 October 1980. On 1 October 1980, before Judge Kivett ruled on defendants' motions for involuntary dismissals, plaintiffs filed a notice of voluntary dismissal of both actions pursuant to Rule 41(a), N.C. Rules Civ. Proc. Judge Kivett

filed judgments on 22 and 23 October 1980, dismissing plaintiffs' causes of action with prejudice pursuant to Rule 41(b), N.C. Rules Civ. Proc., and disallowing plaintiffs' notice of voluntary dismissal in the causes. From these judgments, plaintiffs appealed.

*Folger, Folger and Bowman by Larry Bowman, for the plaintiffs-appellants.*

*Gardner, Gardner, Johnson, Etringer & Donnelly by Fred L. Johnson, for the defendant-appellee Fowler.*

*Hiatt & Hiatt by V. Talmage Hiatt, for the defendants-appellees Bryants and Holder.*

MARTIN (Robert M.), Judge.

The sole issue on appeal is whether the trial judge erred in disallowing the plaintiffs' notice of voluntary dismissal, which they attempted to file pursuant to Rule 41(a)(1), N.C. Rules Civ. Proc.

Rule 41(a)(1), N.C. Rules Civ. Proc. provides that a voluntary dismissal may be taken by a claimant as to any one or more of his claims by simply filing a notice of dismissal at any time before he rests his case. Except in a class action pursuant to Rule 23 or where otherwise provided by a specific statute, no order or other approval of the court is necessary. W. Shuford, N.C. Civil Practice and Procedure § 41-4 (2d ed. 1981); *Danielson v. Cummings,* 300 N.C. 175, 265 S.E. 2d 161 (1980). In this case the defendants had not by way of answer, counterclaim, or crossclaim, asserted a demand for affirmative relief arising out of the same factual situation upon which the plaintiffs are proceeding. In fact, the defendants had filed motions to dismiss the cases. Therefore, the plaintiffs as a matter of right could voluntarily dismiss the actions by filing a notice of dismissal prior to resting their case. *Maurice v. Motel Corp.,* 38 N.C. App. 588, 248 S.E. 2d 430 (1978).

In this action defendants had filed a motion to dismiss pursuant to Rule 41(b), N.C. Rules Civ. Proc. which was pending before the court. No order on the motion had been rendered prior to the time plaintiffs attempted to file their motion for voluntary dismissal with the clerk. The hearings on the defendants' motion to dismiss dealt with the factual basis for their motion, not with

the factual allegations upon which the plaintiffs based their action against the defendants.

This factual situation is distinguishable from that in *Maurice v. Motel Corp., supra.* There, defendant had filed a motion for summary judgment and a full evidentiary hearing had been held. The motion was allowed by the trial judge; but, prior to the actual filing of the order with the clerk, the plaintiff gave a notice of voluntary dismissal pursuant to Rule 41(a)1. On appeal, the court held that the evidentiary hearing on the motion for summary judgment was, in fact, a trial of the case. After the plaintiff had presented his case and submitted the issue to the judge, he had "rested his case" and, therefore, a dismissal pursuant to Rule 41(a)(1) was no longer available to him.

In the instant case, plaintiffs had not presented any evidence upon which they based their claims against defendants. The issue raised by defendants' motion to dismiss pursuant to Rule 41(b) was whether plaintiffs had failed to comply with an order of the court. The evidence presented at the hearings on the motion dealt only with that issue. As such, plaintiffs had not "rested their case" as contemplated by Rule 41(a)(1) and, therefore, could as a matter of right dismiss the action by the filing of a notice of dismissal.

Upon the filing of the notice of dismissal by the plaintiffs herein, the action terminated. The case was closed and nothing further could be done regarding it. The case having been voluntarily dismissed, there was no pending action upon which a valid order could be rendered. As the Supreme Court has recently held in *Danielson v. Cummings*, 300 N.C. 175, 265 S.E. 2d 161 (1980), the plaintiffs' dismissal was effective upon its announcement. As such, the order dismissing the case with prejudice entered after plaintiffs' voluntary dismissal, was invalid and had no effect upon plaintiffs' rights.

In *Caroon v. Eubank*, 30 N.C. App. 244, 226 S.E. 2d 691 (1976), this Court held that at the moment plaintiff filed his notice for voluntary dismissal, the action ended. Because the action was no longer pending, nothing further could validly be done by the court involving the merits of the case. In that case, the plaintiff had tendered a sum of money to a trustee in an attempt to purchase some property at a foreclosure sale. Prior to the plaintiff's receiv-

ing the property, the debtor had paid the obligation in full and had received a deed for the property. The trustee placed the plaintiff's money with the clerk of court pending the determination by the court of who should be the rightful owner of the property. The plaintiff then filed a notice of voluntary dismissal of his action and sought the return of his money. The trial court refused to allow plaintiff to recover his money without a final determination of the matters in controversy between the parties in the action. However, since the action had already been dismissed, the Court of Appeals held that the trial court erred in refusing the release of plaintiff's funds. After the case was closed, the trial court had no authority to rule on the merits of the case.

In the present case the trial court erred in refusing to recognize plaintiffs' notice of voluntary dismissal. The judgment of the trial court is reversed and our former decision filed 7 July 1981 is withdrawn.

Judges CLARK and HILL concur.