Raul v. Burke, 2016 NCBC 8.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 16703

MALKA RAUL, Derivatively on
Behalf of SWISHER HYGIENE INC.;
and Individually and on Behalf of All
Others Similarly Situated,

      Plaintiff,

    v.

JOSEPH BURKE; RICHARD
HANDLEY; HARRIS W. HUDSON;
WILLIAM M. PIERCE; WILLIAM M.
PRUITT; DAVID PRUSSKY;
SWISHER HYGIENE INC.; and
ECOLAB, INC.,

      Defendants,

    and

SWISHER HYGIENE INC.,

      Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER & OPINION**

{1}    THIS MATTER is before the Court on Ecolab's Motion to Dismiss, The
Individual Defendants' and Nominal Defendant Swisher Hygiene, Inc.'s Motion to
Dismiss Plaintiff's Derivative and Class Action Complaint ("Swisher Defendants'
Motion to Dismiss"), and Plaintiff's Motion to Dismiss Plaintiff's Claims as Moot
and Setting Schedule for Plaintiff's Motion for an Award of Attorneys' Fees,
Reimbursement of Expenses and Plaintiff's Incentive Award ("Plaintiff's Motion to
Dismiss") (collectively, "Motions").  For reasons discussed more fully below, the
Court ALLOWS Plaintiff to withdraw her motion to dismiss, GRANTS LEAVE for
Plaintiff to file an amended complaint, GRANTS Ecolab's Motion to Dismiss, and
DEFERS further consideration of Swisher Defendants' Motion to Dismiss, without

prejudice to Swisher Hygiene Inc. ("Swisher") and the Individual Defendants (collectively, "Swisher Defendants") in renewing their motion in response to an amended complaint.

> *Rabon Law Firm, PLLC by Gary Jackson, and Lifshitz & Miller by Joshua M. Lifshitz (*pro hac vice*) for Plaintiff.*
>
> *Moore & Van Allen PLLC by James P. McLoughlin, Jr., Jonathan M. Watkins, and Christopher H. Tomlinson, and Dechert LLP by David H. Kistenbroker (*pro hac vice*) and Joni S. Jacobsen (*pro hac vice*) for Defendants Joseph Burke, Richard Handley, Harris W. Hudson, William M. Pierce, William M. Pruitt, David Prussky, and Swisher Hygiene Inc.*
>
> *Robinson, Bradshaw & Hinson, P.A. by Robert W. Fuller and Adam K. Doerr, and Skadden, Arps, Slate, Meagher & Flom LLP by Matthew R. Kipp (*pro hac vice*), Donna L. McDevitt (*pro hac vice*) and Andrew J. Fuchs (*pro hac vice*) for Defendant Ecolab, Inc.*

Gale, Chief Judge.

## I. INTRODUCTION

{2}     This lawsuit arises from Plaintiff's challenge to the $40 million sale of Swisher's United States operating assets and its stock in Swisher International, Inc. to Defendant Ecolab, Inc. ("Ecolab").  Swisher separately adopted a plan of dissolution.  The plan of dissolution, which was not challenged in Plaintiff's Derivative and Class Action Complaint ("Complaint"), became a focal point in argument and briefing on the Motions.

{3}     The sale of Swisher to Ecolab and Swisher's plan of dissolution have now been approved by Swisher's shareholders.  The sale has closed, but the plan of dissolution has not gone into effect.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

{4}     Plaintiff filed a Complaint on September 11, 2015, to challenge the sale of Swisher to Ecolab.  The Complaint asserts claims relating to the overall fairness of the sale and the alleged failure to disclose material information to Swisher's shareholders.

{5}      Swisher filed a preliminary proxy on August 24, 2015, followed by a definitive proxy on September 3, 2015.  A shareholder vote to approve the sale was scheduled for October 15, 2015.

{6}      On September 21, 2015, Plaintiff moved for expedited discovery.

{7}      On October 2, 2015, Plaintiff's counsel served a confidential settlement demand on Swisher's counsel, requesting additional disclosures that Plaintiff contended were material and were necessary for an informed shareholder vote.

{8}      On October 8, 2015, the Court issued an order denying Plaintiff's motion for expedited discovery.  *Raul v. Burke*, 2015 NCBC LEXIS 93, at *9 (N.C. Super. Ct. Oct. 8, 2015).

{9}      Later that same day, Swisher amended its definitive proxy statement. Plaintiff asserts that her counsel was allowed to review and edit the supplemental disclosures before their filing.[1]

{10}      On October 15, 2015, Swisher shareholders approved the transactions.

{11}      On November 5, 2015, Swisher Defendants and Ecolab each filed motions to dismiss.

{12}      On November 23, 2015, Plaintiff filed her motion to dismiss.  In the motion, Plaintiff seeks to (1) dismiss her disclosure claims as moot; (2) dismiss her other claims with prejudice as to her but not to other potential plaintiffs; (3) have the Court retain jurisdiction and set a motion schedule for the purpose of awarding attorneys' fees, expense reimbursement, and an incentive award; and (4) determine that fees could be awarded without requiring notice to putative class members or to Swisher's shareholders.  There has been no settlement of any claims, and Defendants have not made or promised any monetary compensation to Plaintiff.[2]

---

[1] Because of its ruling on other matters, the Court does not presently address the contested issue of whether any disclosures made after this lawsuit was commenced were material or whether such disclosures were caused by this litigation.

[2] The case is in a significantly different posture than cases where the Court is asked to approve a settlement for which the only class benefit is supplemental disclosures that are of questionable utility, without any further monetary consideration.  This type of approval request is typically accompanied by an agreement or request for significant attorneys' fees for class counsel, in exchange for which the defendants receive a broad, classwide release of all claims, including fairness claims or

{13}     In her supporting brief, Plaintiff argued that her motion mooted any need for the Court to rule on Defendants' motions to dismiss.  Defendants countered that the Court should proceed with its consideration of their motions, particularly in light of a separate shareholder class-action lawsuit against Swisher that was filed in an Illinois state court.  *See Berger v. Swisher Hygiene Inc.*, No. 2015-CH-13325 (Ill. Cir. Ct. filed Sept. 8, 2015).  The presiding judge in the Illinois lawsuit has stayed further proceedings in that matter to await this Court's ruling on the pending Motions.

{14}     After full briefing, the Court heard oral argument on the Motions on January 12, 2016.  Plaintiff expressed no intent to amend her Complaint in advance of that hearing.

## III.     ANALYSIS

### A. Issues Presented at the Hearing on January 12, 2016

{15}     During the January 12, 2016, hearing, the Court advised the parties of its view on the precise questions presented by the Motions.  A summary of those questions provides context to filings that Plaintiff made after the hearing and to the Court's determination of how to proceed in this matter.

---

other putative claims that have not been fully investigated or analyzed.  The value of such disclosure-only settlements and the effect of court approval in those cases have generated substantial debate.  This debate was most recently addressed in a significant decision that was issued on January 22, 2016, by Chancellor Bouchard of the Delaware Court of Chancery in *In re Trulia, Inc. Stockholder Litigation*, C.A. No. 10020-CB, 2016 Del. Ch. LEXIS 8 (Del. Ch. Jan. 22, 2016).  Chancellor Bouchard emphasizes a court's fiduciary duty to examine the balance between the "give" and the "get" of a class settlement, and suggests a future increase in courts' scrutiny of disclosure-based settlements.  *Id.* at *35.  Here, there has been no settlement, and the Court has not been asked to approve a release.  However, if Plaintiff proceeds with a motion for an award of fees and expenses to be paid from the proceeds of the transaction, the Court will be required to balance the interests of the class representative against the interests of Swisher's shareholders.  Plaintiff argues that Swisher's board should have disclosed a $2 million transaction to Swisher's shareholders because that transaction materially affects the distribution to shareholders of proceeds from the $40 million sale, which must be used to pay significant other liabilities.  (Pl.'s Br. Supp. Mot. Dismiss on Grounds of Mootness 9–10.)  Plaintiff also contends that Swisher's payment to an investment banker, totaling three percent of the $40 million sale, was material and should have been disclosed.  (Pl.'s Br. Supp. Mot. Dismiss on Grounds of Mootness 10–11.)  It is premature for the Court to determine whether Plaintiff's own logic would warrant providing notice to shareholders before any fees or expense reimbursements are awarded to Plaintiff's counsel.

{16}     First, while the Court expressed some concern about whether it should proceed to rule on Defendants' motions, it expressed its clear view that a ruling would not be determinative of any other litigation where there had been no class certification.  Since that time, the Court has had the benefit of reading the well-reasoned opinion of Vice Chancellor Laster of the Delaware Court of Chancery, issued only three days following this Court's January 12, 2016, hearing.  *See In re EZCORP, Inc. Consulting Agreement Derivative Litig.*, C.A. No. 9962-VCL (Del. Ch. Jan. 15, 2016), http://courts.delaware.gov/opinions/download.aspx?ID=234980.

{17}     *In re EZCORP* involved derivative claims that arose from a merger transaction.  The defendants rejected the plaintiff's proposal for a voluntary dismissal without prejudice to class members in hopes of securing a dismissal on the merits, which would be binding "as to the world."  *Id.* at 1 (alteration omitted). Vice Chancellor Laster rejected the notion that his ruling on a motion to dismiss would have a binding effect on anyone other than the named plaintiff.  *Id.* at 14–15. Although Vice Chancellor Laster's opinion in *In re EZCORP* discussed Delaware rules of procedure, his reasoning applies spot-on to a similar procedural issue under North Carolina law.

{18}     Second, the Court expressed concern about whether Ecolab should be required to remain in the litigation with only a claim of aiding and abetting a breach of fiduciary duty pending against it.  More specifically, the Court noted its continued uncertainty as to (1) whether the internal-affairs doctrine applies to the aiding-and-abetting claim, and (2) if the internal-affairs doctrine does not apply, whether North Carolina, as the forum state, will recognize a claim for aiding and abetting a breach of fiduciary duty.  The Court expressed its familiarity with Delaware law regarding aiding-and-abetting claims and its doubt that Plaintiff has alleged particularized facts sufficient to survive a motion to dismiss under Delaware or North Carolina law.

{19}     Third, the Court noted that special issues arise when there is a potential claim for attorneys' fees in a case that involves both direct and derivative claims.  This is particularly true in lawsuits where a shareholder challenges a

transaction based on both disclosure and fairness claims. In this type of lawsuit, the law in both Delaware and North Carolina suggests that, absent extraordinary circumstances, a disclosure claim is considered to be a direct claim rather than a derivative claim because the beneficiary of the disclosure is the shareholder who is being asked to vote, not the corporation. Moreover, in North Carolina, the Court's authority to award fees for direct claims depends on the existence of an agreement. *See, e.g., Ehrenhaus v. Baker*, __ N.C. App. __, 776 S.E.2d 699, 707–08 (2015); *In re Pike S'holder Litig.*, 2015 NCBC LEXIS 95, at *18–19 (N.C. Super. Ct. Oct. 8, 2015); *In re Harris Teeter Merger Litig.*, 2014 NCBC LEXIS 47, at *22–23 (N.C. Super. Ct. Sept. 24, 2014).

{20}    As for derivative claims, substantive claims may be governed by Delaware law pursuant to the internal-affairs doctrine. *See Bluebird Corp. v. Aubin*, 188 N.C. App. 671, 680–81, 657 S.E.2d 55, 63 (2008). Fee awards are governed by North Carolina law, which requires this Court to find, as a condition to awarding fees to Plaintiff, that "the proceeding . . . resulted in a substantial benefit to the corporation." N.C. Gen. Stat. § 55-7-46(1) (2015).[3] Plaintiff's success in securing a fee award must depend on a derivative claim and success on two contested issues: (1) whether Plaintiff's failure to make a pre-suit demand is excused under Delaware's "demand futility" doctrine, and (2) assuming demand futility applies, whether the derivative claim resulted in a substantial benefit to the corporation. If the only benefit obtained is supplemental disclosures, the Court will have to find that the corporation benefited from those disclosures.

### B. The Issue of Demand Futility

{21}    On the issue of demand futility, the Court noted its struggle to understand a basis for Plaintiff's position that a majority of Swisher's board was "interested" in the transaction and therefore must be presumed incapable of making an independent determination following a pre-suit demand. The Court's struggle

---

[3] Section 55-7-46 also allows the Court to tax fees against a plaintiff if the Court makes certain findings. N.C. Gen. Stat. § 55-7-46(2), (3).

was compounded by Plaintiff's focus on Swisher's plan of dissolution, which has not yet occurred, rather than the sale of Swisher to Ecolab.

{22}  After summarizing its concerns, the Court heard extended argument from the parties.  Plaintiff's argument on the issue of demand futility extended substantially beyond the allegations in her Complaint.  Recognizing that it would be proper for Plaintiff to pursue the course of action that she proposed in her motion to dismiss only if she had initiated a proper derivative claim, the Court allowed the parties to file supplemental briefs before deciding the issue of demand futility.

{23}  The parties filed supplemental briefs on the issue of demand futility on January 15, 2016.  Plaintiff's supplemental brief focused primarily on her argument that the majority of Swisher's board was "interested" in the transaction, again referring to facts not stated in her Complaint.  A footnote on the final page of Plaintiff's brief stated the following: "Given the newly identified facts that support demand futility, Plaintiff hereby withdraws her motion to dismiss on the grounds of mootness and accordingly . . . seeks to amend her Complaint."  (Suppl. Br. Supp. Demand Futility ("Pl.'s Suppl. Br.") 10 n.9.)  Plaintiff asserted a right to amend her Complaint on the ground that Defendants had not yet filed a responsive pleading.[4] (Pl.'s Suppl. Br. 10 n.9.)  Aside from the statements in that footnote, Plaintiff has not moved to withdraw her motion to dismiss, nor has she filed a motion to amend or submitted a proposed amended complaint.

{24}  Plaintiff's supplemental brief also included a request for a supplemental hearing.  The Court denied the request for further hearing.  Instead, the Court extended a rather unusual grant of leave to all parties to file second

---

[4] The Court questions but does not further consider whether a party's right to file an amended complaint without leave of court, prior to a defendant's answer, is lost when the plaintiff does not file the amended complaint before the defendant's motion to dismiss is fully briefed, argued, and submitted to the Court for a final ruling. *See Harris v. Family Med. Ctr.*, 38 N.C. App. 716, 718, 248 S.E.2d 768, 770 (1978) ("If it should be held that plaintiff could amend without leave after a hearing and the granting of summary judgment against him, the effect would be to clothe a litigant with the power, at any time, to reopen a case . . . .  Rule 15(a) is not to be construed so as to render Rule 12 meaningless and ineffective." (omission in original) (quoting *Clardy v. Duke Univ.*, 299 F.2d 368, 370 (4th Cir. 1962))); *see also Maurice v. Hatterasman Motel Corp.*, 38 N.C. App. 588, 591–92, 248 S.E.2d 430, 432–33 (1978) (noting that a party's right to file a voluntary dismissal under Rule 41 is lost once a summary-judgment motion has been argued and taken under review by the court).

supplemental briefs.  Each side filed second supplemental briefs on January 22, 2016.

{25}    In her second supplemental brief, Plaintiff stated, "As indicated in Plaintiff's Supplemental Brief in Support of Demand Futility filed on January 15, 2016, Plaintiff intends to amend her Complaint based upon the newly discovered information.  The amendment will address not only Plaintiff's demand futility allegations but also additional theories of liability."  (Reply Further Supp. Pl.'s Suppl. Br. Alleging Demand Futility 1.)

{26}    Defendants assert that an amendment would be futile because the facts, even with Plaintiff's "newly discovered information," contain no basis for invoking Delaware's demand-futility doctrine.

{27}    Plaintiff's approach of withdrawing her motion to dismiss after oral argument and subsequently asking for leave to amend her Complaint places this case in an unusual procedural posture.  The Court concludes that Plaintiff's Motion to Dismiss has been withdrawn.  As a result, the Court is free to consider Defendants' motions to dismiss.

{28}    The Court elects to defer its consideration of Swisher Defendants' Motion to Dismiss until Plaintiff has fully presented all facts and claims in an amended complaint.[5]

{29}    On the other hand, as to Ecolab, Plaintiff has made no argument or suggestion that the amended complaint will disclose additional facts to allege that

---

[5] The Court is mindful that it should proceed with caution in allowing a plaintiff to amend its complaint in a shareholder derivative action where the plaintiff failed to properly plead demand futility. *In re Pozen S'holders Litig.*, 2005 NCBC LEXIS 7, at *44 n.4 (N.C. Super. Ct. Nov. 10, 2005).  However, the Court again refers to a recent Chancery Court opinion where Vice Chancellor Laster discussed the significance of determining the adequacy of a demand at the early pleading stage. *See In re EZCORP, Inc. Consulting Agreement Derivative Litig.*, C.A. No. 9962-VCL, 2016 Del. Ch. LEXIS 14, at *105 (Del. Ch. Jan. 25, 2016).  Vice Chancellor Laster noted that, when making that determination, the law "requires that all the pled facts regarding a director's relationship to the interested party be considered in full context in making the, admittedly imprecise, pleading stage determination of independence." *Id.* at *109 (quoting *Del. Cty. Emps. Ret. Fund v. Sanchez*, 124 A.3d 1017, 1022 (Del. 2015)).  Thus, "[e]valuating a board's ability to consider a demand impartially . . . requires a 'contextual inquiry.'" *Id.* (quoting *Beam v. Stewart*, 845 A.2d 1040, 1049 (Del. 2004)).  Further, the Court believes that any appellate review of this matter would best occur after Plaintiff has reduced her factual assertions to a filed, verified complaint.

acts or omissions by Ecolab or its directors induced the sale of Swisher to Ecolab in a manner designed to grant an improper benefit to Ecolab.

## IV.    CONCLUSION

### A. Plaintiff's Claim Against Ecolab Should Be Dismissed

{30}    Ecolab's Motion to Dismiss has been fully presented, briefed, and argued.  The Court believes it is ripe for ruling without awaiting any amended complaint.

{31}    The Court finds it unnecessary to determine whether the claim for aiding and abetting a breach of fiduciary duty is governed by Delaware or North Carolina law.  The Court concludes that, even accepting the allegations of the Complaint as true, the Complaint fails to state a claim for aiding and abetting a breach of fiduciary duty against Ecolab under Delaware law.  If this claim were presented to a Delaware court, it would not survive a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *In re Trulia, Inc. Stockholder Litig.*, 2016 Del. Ch. LEXIS 8, at *35–36; *Morgan v. Cash*, C.A. No. 5053-VCS, 2010 Del. Ch. LEXIS 148, at *4–5 (Del. Ch. July 16, 2010); *In re Nymex S'holder Litig.*, C.A. No. 3621-VCN, 2009 Del. Ch. LEXIS 176, at *49 (Del. Ch. Sept. 30, 2009); *see also Veer Right Mgmt. Grp. v. Czarnowski Display Serv., Inc.*, 2015 NCBC LEXIS 13, at *8–9 (N.C. Super. Ct. Feb. 4, 2015) (noting that if North Carolina did recognize a claim for aiding and abetting a breach of fiduciary duty, it would likely require a showing that defendant knew of the alleged breach and substantially assisted the breach); *Tong v. Dunn*, 2012 NCBC LEXIS 16, at *12–13 (N.C. Super. Ct. Mar. 19, 2012).

{32}    Accordingly, Ecolab's Motion to Dismiss is GRANTED, and Plaintiff's individual claim against Ecolab is DISMISSED WITH PREJUDICE but without prejudice as to any other putative class member.

B.  **Plaintiff's Claims Against Swisher Defendants to Be Presented in an Amended Complaint**

{33}   As to Plaintiff's claims against Swisher Defendants, Plaintiff may file an amended complaint within fourteen days of the date that this Order & Opinion is filed on the Court's electronic docket.

{34}   All arguments presented in Swisher Defendants' Motion to Dismiss are preserved.  Swisher Defendants may elect to adopt and incorporate previously filed briefs, limiting additional briefing to new facts or issues presented by an amended complaint.

{35}   In structuring an amended complaint or other motion, Plaintiff is invited to consider the questions addressed by the Court at oral argument that have been summarized in this Order & Opinion.  The Court encourages Plaintiff to be particularly mindful of the following:

a.  Absent an agreement by the parties, the Court cannot award any fees except in connection with a properly commenced derivative claim that yields benefit to the corporation.

b.  A derivative action will not be properly commenced until the Court is satisfied that the demand requirement is excused based on demand futility.

c.  If presented with a motion for the award of costs, including attorneys' fees, the Court will, as directed by section 55-7-46 of the North Carolina General Statutes, examine whether it should award such costs to either Plaintiff or Defendants.

{36}   The Court defers to a more detailed factual record upon which it can determine whether, in fairness, a motion for an award of fees and costs to Plaintiff should be fully considered only after appropriate notice has been given to all shareholders.

IT IS SO ORDERED, this the 28th day of January, 2016.


                                            /s/ James L. Gale
                                            James L. Gale
                                            Chief Special Superior Court Judge
                                              for Complex Business Cases