In re Se. Eye Ctr. (Old Battleground v. CCSEA), 2017 NCBC 3.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 1648

IN RE SOUTHEASTERN EYE CENTER-
PENDING MATTERS

ORDER AND OPINION
ON MOTIONS TO DISMISS
(OLD BATTLEGROUND v. CCSEA)

1.     **THIS MATTER** is before the Court upon (1) C. Richard Epes's ("Epes") Motion to Dismiss the Thirteenth and Sixteenth Crossclaims filed by Historic Castle McCulloch, LLC, Castle McCulloch, Inc., and Richard A. Harris (collectively, the "Castle McCulloch Defendants"), (2) Epes's Motion to Dismiss the Crossclaims filed by Douglas S. Harris ("Harris"), and (3) Nivison Family Investments, LLC, Old Battleground Properties, Inc. and Arthur Nivison's (collectively, "Nivison") Motion to Dismiss Crossclaims Filed by James Mark McDaniel ("McDaniel") (collectively, the "Motions to Dismiss") in *Old Battleground Properties, Inc. v. Central Carolina Surgical Eye Associates, P.A.*, (15 CVS 1648) (the "Action").[1]

2.     Having considered the Motions and the briefs in support and opposition to the Motions,[2] the Court hereby **GRANTS** the Motions to Dismiss.

> *Smith Debnam Narron Drake Saintsing & Myers, LLP, by Byron L. Saintsing, for Plaintiffs Old Battleground Properties, Inc., Nivison Family Investments, LLC, and Arthur Nivison.*

---

[1] The Action includes *Nivison v. Harris* (14 CVS 9564), which was consolidated with *Old Battleground Properties, Inc. v. Central Carolina Surgical Eye Associates, P.A.* (15 CVS 1648) under the 15 CVS 1648 caption. The Action was then further consolidated with five other lawsuits into *In re Southeastern Eye Center—Pending Matters* (15 CVS 9564) (hereinafter, the "Consolidated Actions").

[2] Pursuant to BCR 15.4 (2006) and BCR 7.4 (2016), the Court elects to consider and decide the Motions without oral argument and on the papers submitted.

*McAllister, Aldridge & Kreinbrink, PLLC, by Kenneth W. McAllister and the Law Offices of Richard M. Greene, by Richard M. Greene for Defendant Charles Richard Epes, M.D.*

*Defendant J. Mark McDaniel, pro se.*

*Defendant Douglas S. Harris, pro se.*

*Wyatt Early Harris Wheeler, LLP, by Scott F. Wyatt and Donavan J. Hylarides, for Defendants Richard A. Harris, Historic Castle McCulloch, LLC, and Castle McCulloch, Inc.*

Bledsoe, Judge.

## I.

## PROCEDURAL BACKGROUND

3.     On July 21, 2014, Nivison Family Investments, LLC filed the Action against Harris, individually and as Trustee of JDPW Trust U/T/A Dated June 8, 2007, JDPW Trust U/T/A Dated June 8, 2007, and NewBridge Bank.

4.     Harris filed counterclaims against Nivison Family Investments, LLC and, on November 6, 2014, filed a Third-Party Complaint against Central Carolina Surgical Eye Associates, P.A. ("CCSEA"), HUTA Leasing Company ("HUTA"), Southeastern Eye Management, Inc. ("SEM"), EMS Partners, LLC ("EMS"), MEM of High Point, LLC ("MEM"), Southeastern Cataract Laser Center, PLLC ("SCLC"), McDaniel, Epes, Arthur Nivison, and Old Battleground Properties, Inc.

5.     On June 19, 2015, the Court entered an Order consolidating the Action with the other matters pending in, and directing all subsequent pleadings to be filed in the Master File in, *In re Southeastern Eye Center – Pending Matters* (15 CVS 1648).

6. Subsequently, on June 22, 2015, the Court entered a Case Management Order ("Master Case Management Order") in the Consolidated Actions that established a claims procedure to be used in lieu of filing additional lawsuits.

7. On July 3, 2015, Harris voluntarily dismissed without prejudice his third-party claims against CCSEA, HUTA, SEM, EMS, MEM, SCLC, McDaniel, and Epes. Harris did not dismiss his third-party claims against Arthur Nivison and Old Battleground, Inc.

8. On July 14, 2015, the Court approved a Settlement between Epes and his wife, on the one hand, and the Receiver, on the other hand; appointed the Receiver as receiver for KEPES Newco, LLC ("KEPES") and DRE Newco, LLC ("DRE"); and entered a restraining order.

9. Plaintiffs Old Battleground Properties, Inc. and Nivison Family Investments, LLC (collectively, "Plaintiffs") filed their Amended Consolidated Complaint in the Action on September 17, 2015 ("Amended Consolidated Complaint"). The Amended Consolidated Complaint asserted claims against Epes, McDaniel, Harris, individually and as trustee of JDPW Trust U/T/A Dated June 8, 2007, and the Castle McCulloch Defendants, among others.

10. On March 28, 2016, Plaintiffs dismissed all claims against McDaniel filed in the Action.

11. On April 15, 2016, the Castle McCulloch Defendants moved for leave to amend their Answer and to add crossclaims against Harris, McDaniel, Epes, CCSEA, HUTA, SEM, SCLC, EMS, KEPES, and DRE (the "Castle McCulloch Defendants'

Motion to Amend"). The Castle McCulloch Defendants previously had not asserted crossclaims against McDaniel or Epes.

12. On June 27, 2016, Plaintiffs voluntarily dismissed with prejudice the claims filed in the Action against Epes, Charles Richard Epes, E. Richard Epes, and Bessie K. Epes (the "Epes Defendants"), and the Epes Defendants voluntarily dismissed with prejudice their claims against Plaintiffs in the Action.

13. On August 24, 2016, the Court granted the Castle McCulloch Defendants' Motion to Amend, without prejudice to any party's right to move to dismiss the newly-added crossclaims.

14. The Castle McCulloch Defendants filed their Amended Answer and Crossclaims on August 30, 2016.

15. On September 26, 2016, McDaniel filed his answer to the Castle McCulloch Defendants' crossclaims and asserted crossclaims against Nivison.

16. On September 29, 2016, Epes moved under N.C. R. Civ. P. Rules 12(b)(6) and 13(g) to dismiss the crossclaims filed against him by the Castle McCulloch Defendants because Epes was not a party to the Action when the crossclaims were filed and served. Epes also requested an award of attorneys' fees and costs from the Castle McCulloch Defendants.

17. On October 12, 2016, the Castle McCulloch Defendants filed a response brief in opposition to Epes's motion to dismiss their crossclaims and indicated in their response brief that, in the alternative, they moved to add Epes as a third-party

defendant. The Castle McCulloch Defendants did not file a separate motion to support their request to add Epes as a third-party defendant.

18. On October 26, 2016, Nivison moved to dismiss McDaniel's crossclaims under Rules 12(b)(6) and 13(g) because McDaniel was not a coparty at the time his crossclaims were filed or served and thus did not have standing to assert crossclaims against Nivison.

19. On November 2, 2016, Harris filed his answer to the Castle McCulloch Defendants' crossclaims and asserted crossclaims against Epes.

20. On December 3, 2016, Epes moved to dismiss the crossclaims asserted by Harris against Epes under Rules 12(b)(6) and 13(g) because Epes was not a coparty at the time Harris's crossclaims were filed or served. Epes also requested an award of attorneys' fees and costs from Harris.

II.

MOTIONS TO DISMISS

21. On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the Court considers "whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally cognizable claim." *Arroyo v. Scottie's Professional Window Cleaning, Inc.*, 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995) (quoting *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)). The Court construes a party's pleading liberally and generally accepts all allegations as true. *Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009). Dismissal under Rule 12(b)(6) is proper

only "when one or more of the following three conditions is satisfied: (1) when the [pleading] on its face reveals that no law supports plaintiff's claim; (2) when the [pleading] reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the [pleading] necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985) (citation omitted).

22.     Under Rule 13(g) of the North Carolina Rules of Civil Procedure, "[a] pleading may state as a crossclaim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." Accordingly, "under Rule 13(g), in order for a person or entity to assert a crossclaim in a pleading, that person or entity must be a party to the action." *Outlaw v. Johnson*, 190 N.C. App 233, 253, 660 S.E.2d 550, 564 (2008). Similarly, a crossclaim can only be asserted against a party to the litigation. N.C. R. Civ. P. 13(g).

23.     The Court takes judicial notice from the Court's docket in this case that, as of the date of the filing of the Castle McCulloch Defendants' Amended Answer and Crossclaims, Epes and McDaniel were no longer parties to the Action. As a result, the Castle McCulloch Defendants and Harris could not assert crossclaims against Epes or McDaniel in the Action under Rule 13(g) as a matter of law, and those crossclaims must therefore be dismissed. *Outlaw*, 190 N.C. App. at 254, 660 S.E.2d at 564–65; N.C. R. Civ. P. 12(h)(3); *see generally Artis v. Williford*, No. COA11-1059,

2012 N.C. App. LEXIS 615, at *3–4 (N.C. App. May 15, 2012) (unpublished) (citing *Schnitzlein v. Hardee's Food Sys., Inc.*, 134 N.C. App. 153, 156, 516 S.E.2d 891, 892 (1999)) (holding that trial court could not consider a motion to dismiss after plaintiffs' voluntary dismissal).

24.     Similarly, the Court's docket shows that when McDaniel filed his answer to the Castle McCulloch Defendants' crossclaims and asserted crossclaims against Nivison on September 26, 2016, McDaniel was not a party to the Action. As a result, McDaniel's crossclaims were improper under Rule 13(g) as a matter of law and should therefore be dismissed.

25.     The Castle McCulloch Defendants advance an alternative argument in their opposition brief that in the event the Court grants Epes's Motion to Dismiss, they seek to assert their purported crossclaims against Epes as third-party claims against Epes as a newly-added third-party defendant. Under the North Carolina Business Court Rules, however, a request for relief such as that advanced by the Castle McCulloch Defendants here must be in the form of a motion set out in a separate paper. BCR 15.2 (2006); BCR 7.2 (2016) (effective January 1, 2017). Motions before this Court must comply with the Business Court Rules or risk summary denial in the Court's discretion. *See* BCR 15.11 (2006); BCR 7.2 (2016); *see also generally Helm v. Appalachian State Univ.*, 194 N.C. App. 239, 248–49, 670 S.E.2d 571, 578–79 (2008) (affirming trial court's refusal to consider motion failing to comply with North Carolina Rules of Civil Procedure), *rev'd on other grounds*, 363 N.C. 366, 677 S.E.2d

454 (2009); *N.C. Alliance of Transp., Inc. v. N.C. Dep't of Transp.*, 183 N.C. App. 466, 469–70, 645 S.E.2d 105, 108 (2007) (same).

26.     Moreover, the Castle McCulloch Defendants' failure to set out their request in a separate motion was potentially of consequence here, given the size and complexity of the Consolidated Actions and the failure of the Notice of Filing generated by the Court's electronic-filing system to inform parties to the Action that a motion had been filed.

27.     Therefore, the Court, in the exercise of its discretion, will not consider the Castle McCulloch Defendants' purported motion at this time because it was raised only as an alternative argument in their opposition brief.

III.

CONCLUSION

28.     Based on the foregoing, the Court hereby (i) **GRANTS** the Motions to Dismiss, (ii) **DISMISSES** without prejudice the crossclaims filed by the Castle McCulloch Defendants against Epes and McDaniel, the crossclaims filed by Harris against Epes, and the crossclaims filed by McDaniel against Nivison, and (iii) in its discretion and under the circumstances of this matter, **DENIES** Epes's request for attorneys' fees and costs against Harris and the Castle McCulloch Defendants.

     **SO ORDERED**, this the 11th day of January, 2017.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases