MARTHA RITTER, PLAINTIFF v. KERFOOT RITTER, DEFENDANT

No. COA05-530

(Filed 21 February 2006)

**1. Appeal and Error— preservation of issues—failure to give proper notice of appeal**

Although plaintiff's first two assignments of error refer to the trial court's order dated 30 June 2004, these assignments of error are dismissed because plaintiff gave notice of appeal only from

the trial court's orders dated 26 August 2004 and 8 November 2004. N.C. R. App. P. 3(d).

**2. Appeal and Error— preservation of issues—failure to timely order transcript—failure to timely file motion for extension of time to serve proposed record**

Plaintiff's third assignment of error pertaining to the 26 August 2004 order is dismissed pursuant to Rules 7 and 11 of the Rules of Appellate Procedure, because: (1) plaintiff failed to order the transcript within the requisite time and failed to serve the proper notice upon defendant; and (2) plaintiff did not file a motion for extension of time to serve the proposed record on appeal until more than eighty days after filing the notice of appeal.

**3. Appeal and Error— appealability—setting hearing on sanctions—interlocutory order**

Plaintiff's fourth and fifth assignments of error pertaining to the 8 November 2004 order setting a hearing on sanctions against plaintiff are dismissed as an appeal from an interlocutory order, because the 8 November 2004 order did not constitute a final judgment as to any of the claims or parties, did not affect a substantial right, and contemplated further action by the trial court.

**4. Pleadings— sanctions—appellate rules violations—intent to harass or cause unnecessary delay or needless increase in cost of litigation—attorney fees**

Defendant's motion to sanction plaintiff under N.C. R. App. P. 25 and 34 for violations of the rules of appellate procedure and her intent to harass or to cause unnecessary delay or needless increase in the cost of litigation is granted, and the case is remanded to the trial court for a determination of the reasonable amount of attorney fees incurred by defendant in responding to this appeal to be taxed personally to plaintiff along with the costs of this appeal, because: (1) the record contains ample evidence plaintiff attempted to delay the resolution of this litigation by filing numerous nonmeritorious motions in the trial court and the Court of Appeals, forcing defendant and the courts to respond to each of them, and appealing an interlocutory order of the trial court; and (2) plaintiff was cautioned several times by the trial court for ignoring its previous orders, ignoring court rules and procedural requirements, and harassing court personnel.

Appeal by plaintiff from orders entered 26 August 2004 and 8 November 2004 by Judge John R. Jolly in Wake County Superior Court. Heard in the Court of Appeals 23 January 2006.

*Martha Ritter, pro se, plaintiff.*

*Bass, Bryant & Fanney, P.L.L.C., by John Walter Bryant and Eva C. Currin, for defendant.*

MARTIN, Chief Judge.

Plaintiff appeals from the trial court's order dated 26 August 2004 denying her "Preliminary Motion to Alter/Amend the Order of June 30, 2004," by which the trial court had dismissed her claims for lack of subject matter jurisdiction and as barred by the statute of limitations. Plaintiff also appeals the trial court's order of 8 November 2004 setting a hearing date to consider the issue of whether personal sanctions should be imposed upon plaintiff and denying her pending motions. Defendant has moved to dismiss the appeal and to impose sanctions against plaintiff. For the reasons stated below, we grant defendant's motions.

[1] Plaintiff's appeal contained five assignments of error. Her first two assignments of error refer to the trial court's order dated 30 June 2004. However, plaintiff gave notice of appeal only from the trial court's orders dated 26 August 2004 and 8 November 2004. The North Carolina Rules of Appellate Procedure require the notice of appeal to "designate the judgment or order from which appeal is taken." N.C.R. App. P. 3(d) (2005). Therefore, plaintiff's assignments of error No. 1 and No. 2 are not properly before this Court and are hereby dismissed. *See Viar v. N.C. Dep't. of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (stating that the "North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal' ").

[2] Plaintiff's third assignment of error pertains to the trial court's order dated 26 August 2004. The North Carolina Rules of Appellate Procedure require an appellant to order a transcript of the proceedings within fourteen days of filing notice of appeal and to file "written documentation of the transcript arrangement with the clerk of the trial tribunal, and serve a copy of it upon all other parties of record, and upon the person designated to prepare the transcript." N.C.R. App. P. 7 (2005). The record before us indicates that plaintiff failed to

order the transcript within the requisite time and failed to serve the proper notice upon defendant. Where no transcript is ordered, North Carolina Rule of Appellate Procedure 11 requires the appellant to serve its proposed record on appeal within thirty-five days of filing the notice of appeal. The record indicates plaintiff did not file a motion for extension of time to serve the proposed record on appeal until 19 November 2004, more than eighty days after filing the notice of appeal. Therefore, we dismiss plaintiff's third assignment of error, pertaining to the 26 August 2004 order, pursuant to Rules 7 and 11 of the Rules of Appellate Procedure. *See Viar*, 359 N.C. at 401, 610 S.E.2d at 360.

[3] Plaintiff's fourth and fifth assignments of error pertain to the trial court's order entered 8 November 2004. This order sets a time and place for a hearing on the issue of whether to impose personal sanctions against plaintiff, overrules any pending objections to the hearing, denies any pending requests for continuance or delay of the hearing, and denies any pending requests for reconsideration of prior orders or rulings of the court related to plaintiff's cause of action. Plaintiff filed notice of appeal to this order, stating "[p]laintiff notes an appeal of the November 8, 2004 order, entered on November 9, 2004."

Appeal from this 8 November 2004 order, however, is clearly interlocutory. "Interlocutory orders and judgments are those 'made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy.' Generally, there is no right of immediate appeal from interlocutory orders." *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 578-79 (1999) (citations omitted). Because the 8 November 2004 order did not constitute a final judgment as to any of the claims or parties, did not affect a substantial right, and contemplated further action by the trial court, there is no right of immediate appeal therefrom. *Id.* Therefore, we dismiss plaintiff's fourth and fifth assignments of error.

[4] Defendant also moves to sanction plaintiff under Rules 25 and 34 of the N.C. Rules of Appellate Procedure for her violations of the rules of appellate procedure and her intent to "harass or to cause unnecessary delay or needless increase in the cost of litigation." N.C.R. App. P. 34 (2005). The record before us contains ample evidence plaintiff attempted to delay the resolution of this litigation by filing numerous non-meritorious motions in the trial court and this Court, forcing defendant and the courts to respond to each of them,

and appealing an interlocutory order of the trial court. She was cautioned several times by the trial court for ignoring its previous orders, ignoring court rules and procedural requirements, and harassing court personnel. We conclude plaintiff needlessly increased the cost of litigation for both defendant and the court system, and we therefore tax plaintiff personally with the costs of this appeal and the attorney fees incurred in this appeal by defendant. Pursuant to Rule 34(c), we remand this case to the trial court for a determination of the reasonable amount of attorney fees incurred by defendant in responding to this appeal.

Dismissed and Remanded.

Judges McGEE and STEELMAN concur.