IN THE COURT OF APPEALS OF NORTH CAROLINA
No. COA21-425
Filed 21 June 2022

Durham County, No. 14 CVD 1494

JOHN-PAUL SHEBALIN, Plaintiff,

v.

THERESA M. SHEBALIN, Defendant.

Appeal by plaintiff from order entered 8 September 2020 by Judge O. David Hall in Durham County District Court. Heard in the Court of Appeals 25 May 2022.

*Cordell Law, LLP, by Stephanie Horton, for plaintiff-appellant.*

*Jonathan McGirt for defendant-appellee.*

ARROWOOD, Judge.

John-Paul Shebalin ("plaintiff") appeals from an Order for Appointment of a Parenting Coordinator. Because the order from which plaintiff appeals is interlocutory, and because we deem this appeal frivolous, we dismiss the appeal and impose sanctions.

I. Background

Theresa M. Shebalin ("defendant") and plaintiff (collectively, the "parties" or "parents") were married on 17 May 2010, shared a child born 15 September 2013, and divorced on 31 March 2016. Because the trial court and the parties agreed that the

parties were engaged in "a high conflict case," on 22 July 2016 the trial court filed a "Consent Order Appointing Parenting Coordinator[,]" by which the trial court appointed a parenting coordinator for a term of two years. This parenting coordinator was replaced in 2017, and the second parenting coordinator was later re-appointed for a term of one year expiring 26 September 2019.

¶ 3        On 23 September 2019, defendant filed a Motion for Appointment of Parenting Coordinator due to the continued high conflict nature of the parties' case. On 1 October 2019, plaintiff filed a Reply and Motion to Dismiss.

¶ 4        The matter came on for hearing on 16 July 2020 in Durham County District Court, Judge Hall presiding. Following the hearing, the trial court entered an "Order for Appointment of Parenting Coordinator" on 8 September 2020 (the "2020 Order"). In the 2020 Order, the trial court concluded that "[t]his continues to be a high conflict case" and "the appointment of a [parenting coordinator] is in the best interests of the minor child[.]" Accordingly, the 2020 Order denied plaintiff's Motion to Dismiss, ordered that "[a] Parenting Coordinator shall be appointed for a one[-]year term[,]" and also decreed that the trial court "retains jurisdiction of this matter for the entry of further Orders." Pertinently, the 2020 Order did not appoint a parenting coordinator. On 29 September 2020, plaintiff filed a notice of appeal from the 2020 Order.

¶ 5        On 3 February 2021, the trial court commenced a hearing, held via WebEx, for the purpose of appointing a parenting coordinator following the 2020 Order. Plaintiff, through counsel, objected "to a WebEx hearing on the [parenting coordinator] appointment in general," as well as "to the [parenting coordinator] appointment conference on the basis of the fact that the [2020 Order] has been appealed more specifically."

¶ 6        Defendant's trial counsel responded:

> I just want to make sure that we have the background in place. [The trial court] heard the request, the motion for a [parenting coordinator] in July of last year. In September of 2020, [the trial court] signed an order for appointment of a [parenting coordinator].
>
> A [parenting coordinator] was not identified. An order appointment was not conducted. No order has been signed, so it's my position . . . that this is a premature appeal; that it's an impermissible interlocutory appeal.

¶ 7        Having heard these arguments, the trial court honored plaintiff's objection to a hearing conducted via WebEx and continued the hearing until 18 March 2021.

¶ 8        On 18 March 2021, the trial court resumed, in-person, the hearing on the appointment of a parenting coordinator. Prior to the hearing in open court, the trial court "conducted a brief *in camera* conference[,]" where plaintiff's counsel and both defendant's trial and appellate counsel were present. Therein, plaintiff's counsel "contended that the trial court did not have jurisdiction to proceed with appointment

of a parenting coordinator, by virtue of [p]laintiff's Notice of Appeal filed on September 29, 2020." In response, both of defendant's trial and appellate counsel "contended that [p]laintiff's pending appeal was impermissibly interlocutory, and therefore that the trial court's jurisdiction continued uninterrupted." "Having heard these contentions, [the trial court] adjourned the *in camera* conference[.]"

¶ 9 After the hearing, the trial court returned and entered on the same day an "Order Appointing Parenting Coordinator" (the "2021 Order"). The 2021 Order, as written, stated the following:

> The Court, on September 7, 2020, entered an Order For Appointment of Parenting Coordinator, which was filed September 8, 2020. Said [2020] Order requires the appointment of a Parenting Coordinator for a one[-]year term. Plaintiff filed Appeal of said [2020] Order, which remains pending. To date, no Order For Appointment of Parenting Coordinator has been entered.

The trial court also found that it had jurisdiction and that, pursuant to the 2020 Order, "appointment of a Parenting Coordinator is necessary to assist the parents in implementing the terms of the existing child custody and parenting time order . . . ."

¶ 10 The trial court appointed a new parenting coordinator for a term of one year from the date of the 2021 Order and provided other details pertinent to the parenting coordinator's role. The parenting coordinator's term expired 17 March 2022.

¶ 11 After multiple motions for extension of time were granted to both parties, plaintiff filed his appellate brief for his appeal from the 2020 Order on

1 November 2021; pertinently, therein, plaintiff asserts that the 2020 Order is a final order. Defendant filed a Motion to Dismiss Appeal on 17 February 2022, contending that the 2020 Order is interlocutory, an appellate brief on 4 March 2022, and another Motion to Dismiss Appeal, on the basis of mootness, on 20 May 2022.

## II.  Discussion

¶ 12    Plaintiff presents multiple arguments on appeal; plaintiff also asserts, quite simply, that the 2020 Order "is a final judgment and appeal to this court is proper pursuant to N.C. Gen. Stat. § 7A-27(b)." We disagree. Thus, we limit our review to the interlocutory nature of the 2020 Order and plaintiff's denial thereof.

¶ 13    "[A]ppeal lies of right directly to the Court of Appeals . . . [f]rom any final judgment of a district court in a civil action." N.C. Gen. Stat. § 7A-27(b)(2) (2021). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). Conversely, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* at 362, 57 S.E.2d at 381 (citation omitted).

¶ 14    The 2020 Order is patently interlocutory. The purpose of the order was to decree that appointment of a parenting coordinator was just and necessary for the

matter at issue, that said appointment would occur via another order at a later date, and that the to-be-appointed parenting coordinator would serve for a term of one year. Indeed, the 2020 Order did not dispose of the case, but "le[ft] it for further action by the trial court[,]" *see id.*, laying out a framework that the 2021 Order utilized in appointing a specific parenting coordinator for a term of one year, along with other, lengthy details binding the parties and the new parenting coordinator. This, in fact, is also made clear by the names of the orders themselves—the trial court filed the 2020 Order as the "Order *for Appointment* of Parenting Coordinator" and the 2021 Order as the "Order *Appointing* Parenting Coordinator[.]" (Emphasis added.) Accordingly, there was nothing within the 2020 Order that entitled plaintiff to appeal.

¶ 15 Furthermore, plaintiff was made aware of the interlocutory nature of the 2020 Order on multiple occasions, including during the 3 February 2021 hearing held over WebEx and during the *in camera* conversation immediately preceding the in-person 18 March 2021 hearing.

¶ 16 Despite plaintiff's assertions to the contrary, the 2020 Order is not a final order, and thus we dismiss this appeal as interlocutory. *See* N.C. Gen. Stat. § 7A-

27(b)(2).[1]  We now address how the frivolous nature of this appeal merits imposing

sanctions.

¶ 17         Under our Rules of Appellate Procedure,

> [a] court of the appellate division may, on its own initiative
> or motion of a party, impose a sanction against a party or
> attorney or both when the court determines that an appeal
> or any proceeding in an appeal was frivolous because of one
> or more of the following:
> (1) the appeal was *not well-grounded in fact* and was *not
>     warranted by existing law* or a good faith argument for
>     the extension, modification, or reversal of existing law;
> (2) the appeal was taken or continued for an improper
>     purpose, such as to harass or to cause unnecessary
>     delay or *needless increase in the cost of litigation*;
> (3) a petition, motion, brief, record, or other item filed in
>     the appeal was grossly lacking in the requirements of
>     propriety, grossly violated appellate court rules, or
>     grossly *disregarded the requirements of a fair
>     presentation of the issues to the appellate court*.

N.C.R. App. P. 34(a) (emphasis added).  The appropriate sanctions to a frivolous

appeal include:

> (1) dismissal of the appeal;
> (2) monetary damages including, but not limited to,
>     a. single or double costs,
>     b. damages occasioned by delay,
>     c. reasonable expenses, including reasonable attorney
>        fees, incurred because of the frivolous appeal or
>        proceeding;

---

[1] We also note that the culmination of the 2020 Order has come to fruition and long lapsed due to:  (1) the issuance of the 2021 Order appointing a parenting coordinator and (2) said parenting coordinator's one-year term having expired in March of this year.  Thus, assuming *arguendo* that defendant had a valid argument on appeal, the issue would now be moot.

(3) any other sanction deemed just and proper.

N.C.R. App. P. 34(b).

¶ 18 Throughout this case, plaintiff has repeatedly and baselessly asserted that the 2020 Order from which he appeals is a final order, despite the order's interlocutory nature being apparent on its face, multiple admonitions from opposing counsel, and the fact that the sole purpose of the 2020 Order—namely, that of the trial court to appoint a parenting coordinator for a term of one year at a later date—has long since been satisfied.

¶ 19 Plaintiff's improper characterization of the 2020 Order, coupled with his insistence to pursue this frivolous appeal, was "not well-grounded in fact[,]" "was not warranted by existing law[,]" "needless[ly] increase[d] . . . the cost of litigation[,]" and "grossly disregarded the requirements of a fair presentation of the issues" to this Court. *See* N.C.R. App. P. 34(a). Indeed, this Court now receives an appeal devoid of anything for us to review.

¶ 20 We therefore tax both plaintiff in his personal capacity and plaintiff's counsel with double the costs of this appeal, as well as the attorney fees incurred therefrom by defendant in the defense of this appeal. "Pursuant to Rule 34(c), we remand this case to the trial court for a determination of the reasonable amount of attorney fees incurred by defendant in responding to this appeal." *Ritter v. Ritter*, 176 N.C. App. 181, 185, 625 S.E.2d 886, 888-89 (2006).

III.    Conclusion

For the foregoing reasons, we dismiss the appeal as interlocutory. Furthermore, because plaintiff pursued a frivolous appeal, we, on our own initiative, impose sanctions on both plaintiff and plaintiff's counsel, remanding for the trial court to determine attorney fees.

DISMISSED AND REMANDED.

Judges MURPHY and CARPENTER concur.