IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-901

Filed 2 July 2025

N.C. Industrial Commission, No. 21-007750

JUSTIN TREVOR MARLOW, Widower of PHELIFIA MICHELLE MARLOW, Deceased Employee, Plaintiff,

v.

TCS DESIGNS, INC., Employer, FFVA MUTUAL INSURANCE COMPANY, Carrier, Defendants.

Appeal by Defendants from order entered 25 June 2024 by the North Carolina Industrial Commission.  Heard in the Court of Appeals 23 April 2025.

> *White & Stradley, PLLC, by J. David Stradley, and Law Office of Lyndon R. Helton, PLLC, by Lyndon R. Helton, for Plaintiff-Appellee.*
>
> *Cranfill Sumner LLP, by W. Scott Fuller and Steven A. Bader, for Defendants-Appellants.*

COLLINS, Judge.

This appeal arises from the death of Plaintiff Justin Marlow's wife, Phelifia "Michelle" Marlow, who had been an employee of Defendant TCS Designs, Inc. when she was shot and killed by a co-employee.  TCS and FFVA Mutual Insurance Company (collectively, "Defendants") appeal from the North Carolina Industrial Commission's order denying Defendants' request for relief and dismissing Plaintiff's claim without prejudice.  We affirm and impose sanctions against TCS for this frivolous appeal.

## I.    Background

Michelle was shot and killed by a co-worker on 13 January 2021 while working for TCS, a commercial furniture manufacturer in Hickory, North Carolina.  Plaintiff filed a Form 18, Notice of Accident to Employer, in the Commission on 11 February 2021.  Defendants responded with a Form 61, Denial of Workers' Compensation Claim, on 26 February 2021, asserting that "Plaintiff's allegations do not establish that plaintiff has carried plaintiff's burden of proving that a compensable event occurred on 01/13/2021."  Plaintiff filed a request that the claim be assigned for hearing "for determination and Order from the Industrial Commission for payment of death benefits."  Defendants responded that they have been unable to agree because "Defendants continue to investigate the circumstances surrounding [Michelle's] murder.  At this time, plaintiff has not established that [Michelle's] death is compensable."

The Commission appointed a mediator on 17 May 2021.  A mediated settlement conference was held on 25 October 2021; however, the conference ended in an impasse and no mediated settlement was reached.  Later that same day, Plaintiff filed an amended request that the claim be assigned for hearing for a determination of death benefits.  In this request, Plaintiff also sought sanctions.

On 28 January 2022, Defendants filed a Form 29, Supplemental Report for Fatal Accidents, with the Commission, maintaining that "Plaintiff asserts a claim within the exclusive jurisdiction of the [Commission], but plaintiff has not established

compensability." Also on 28 January, a deputy commissioner filed a discovery order. In this order, the deputy commissioner granted Plaintiff's "Motion to Compel Defendants to Provide Employee Files of Tangela Parker and Eric Parker," and set Plaintiff's claim for a full evidentiary hearing, to be held on 23 February 2022 before the Commission.

On 7 February 2022, Defendants filed a response to Plaintiff's amended request that the claim be assigned for hearing, asserting "that Plaintiff has refused to identify issues with specificity, that Plaintiff has refused to voluntarily produce relevant documents, and that Plaintiff has refused to participate in discovery, in good faith, making Plaintiff's claim for sanctions or other similar relief a meritless one."

On 17 February 2022, Plaintiff moved to voluntarily dismiss his workers' compensation claim without prejudice in accordance with Commission Rule 616. The Commission granted Plaintiff's motion by order entered the next day. In its order, the Commission noted that Defendants had no objection to Plaintiff's motion and that Plaintiff had one year from the date of the order, or until 18 February 2023, within which to refile his claim, "at which time the undersigned agrees to resume jurisdiction over a full evidentiary hearing if so requested."

Plaintiff then filed a wrongful death action on 21 February 2022 in Catawba County superior court against TCS and a number of other defendants.

On 11 April 2022, approximately two months after Plaintiff voluntarily dismissed his workers' compensation claim and filed the wrongful death action in

superior court, Defendants filed a Form 60, Employer's Admission of Employee's Right to Compensation, in the Commission and began sending weekly compensation checks to Plaintiff in conjunction with the form. Defendants then filed a request that the claim be assigned for hearing to determine, among other things, "[Michelle's] dependent(s)," "those credits/offsets against any compensation benefits due Deceased Employee's dependent(s)," and "[Michelle's] average weekly wage."

On 15 July 2022, the Commission denied Defendants' Motion Under Commission Rule 605(7) to Serve Requests for Admissions "in light of the fact that [] this claim has been dismissed without prejudice." Defendants appealed this order by filing another request that the claim be assigned for hearing.

TCS and the other defendants moved to dismiss Plaintiff's wrongful death action in superior court for lack of subject matter jurisdiction, arguing that the Commission had exclusive jurisdiction over the matter. The superior court denied the motion on 22 July 2022, concluding that it, not the Commission, had subject matter jurisdiction over the claims arising from Michelle's death. TCS and the other defendants appealed that order to this Court on 10 August 2022.

Meanwhile, Defendants continued sending compensation checks to Plaintiff, pursuant to the Form 60. Plaintiff has never cashed them; the uncashed checks have remained in the possession of Plaintiff's counsel. On 26 August 2022, Plaintiff filed in the Commission a "Motion to Stay Matter in All Aspects, Including Requests for Hearing, Discovery, and Motions." Defendants filed an objection, arguing that

Plaintiff's motion was "not supported by fact, law, or policy." Defendants noted that they had been sending weekly compensation checks to Plaintiff, and that, pursuant to N.C. Gen. Stat. § 97-82, such payment "shall constitute an award of the Commission on the question of compensability." Defendants therefore argued that they "followed the statutory procedure [in] N.C. Gen. Stat. § 97-18(b), that [they] made payments to plaintiff, and that the time that plaintiff has to contest the award of the Commission has long since passed . . . . A stay does nothing except serve plaintiff's interest in making trouble in civil court." The deputy commissioner entered an order on 20 September 2022, finding in part, as follows:

- Plaintiff's claim had been dismissed without prejudice on 18 February 2022;

- "Plaintiff ha[d] not undertaken any affirmative action within the workers' compensation claim . . . since the dismissal without prejudice of h[is] claim except to respond, through counsel, to Defendants['] filings and motions";

- "On April 11, 2022, Defendants filed a Form 60 stating that they accept Plaintiff's claim as compensable and began sending to counsel for Plaintiff compensation checks to Plaintiff";

- Defendants filed and served Form 33s on 13 May and 15 July 2022;

- "Defendants argue that pursuant to [N.C. Gen. Stat. §] 97-18, the acceptance and payment of compensation, even after a dismissal without prejudice of Plaintiff's claim for benefits, is an award of the Commission";

- "It is well settled that the North Carolina Rules of Civil Procedure are not strictly applicable to [] Commission proceedings but are nevertheless instructive";

- "In both the North [Carolina] General Courts of Justice and the United States District Courts, a dismissal means that Plaintiff's claim ceases to be and is no longer operative or extant until the refiling of the Complaint

or order of the court";

- Once Plaintiff's claim was dismissed, the cause of action "cease[d] to exist, and Defendants cannot force Plaintiff to accept what they offer and Plaintiff does not claim – here, acceptance of a workers' compensation claim . . . and the payment of temporary total disability payments sent to counsel for the Plaintiff";

- "If [the Commission] were to interpret 'Dismissal without prejudice' as anything other than the termination of a 'claim' made by the Plaintiff along with the cessation of all discovery and motions, a plaintiff would be forced to defend motions, allegations, and requests of Defendants when [P]laintiff has no desire and/or ability to do so."

Upon entry of its findings the deputy commissioner granted Plaintiff's motion because "Plaintiff's claim for workers' compensation benefits was dismissed without prejudice and, therefore, the Commission's obligation to adjudicate the issues before it does not exist until Plaintiff refiles his claim . . . ." The deputy commissioner ordered Plaintiff's case stayed and/or removed from the hearing docket until Plaintiff refiled the claim. The deputy commissioner "noted and recognized" that although he was entering an order staying and temporarily removing the case from the docket when "Plaintiff's claim at this time is without effect as it was dismissed without prejudice," the Commission was still "required to rule on the motions within some framework in order to properly address the issues raised by the parties." The deputy commissioner further stressed that the order "is not meant in any way [to] validate Defendants' arguments that Plaintiff's claim, although dismissed without prejudice, can be accepted by Defendants after the dismissal thereby becoming an award of the Commission."

On 1 January 2023, Defendants appealed this order to the Full Commission wherein they raised several arguments, including that "[t]he deputy commissioner erred in entering the stay, which obstructs TCS's right to provide prompt payment for a compensable claim." Defendants then, on 1 March 2023, filed in the Commission a Form 62, Notice of Reinstatement or Modification of Compensation.

On 2 May 2023, this Court affirmed the superior court's order denying TCS's motion to dismiss Plaintiff's wrongful death action, concluding that because "Michelle's death did not arise out of her employment with TCS, the Industrial Commission does not have exclusive jurisdiction over the matter." *Marlow v. TCS Designs, Inc.*, 288 N.C. App. 567, 574 (2023).

On 11 July 2023, the Full Commission affirmed the deputy commissioner's order granting Plaintiff's Motion to Stay Matter in All Aspects, Including Requests for Hearing, Discovery, and Motions. Defendants filed a motion to reconsider on 21 July 2023; the Full Commission denied the motion on 11 August 2023. Defendants filed a second motion to reconsider on 28 August 2023.

The North Carolina Supreme Court denied TCS's petition for discretionary review of this Court's opinion on 30 August 2023. *Marlow v. TCS Designs, Inc.*, 385 N.C. 318 (2023) (unpublished).

The Full Commission denied Defendant's second motion to reconsider on 5 September 2023.

Defendants then filed in the Commission a Request for Relief, asking for entry

of "a final award that nullifies [P]laintiff's Commission Form 18, that vacates the Commission Form 60, that reimburses [D]efendants for all workers' compensation benefit that [D]efendants have paid on account of [Michelle's] death, and that dismisses all workers' compensation claims against [D]efendants that arise out of [Michelle's] death."

Plaintiff filed a response, arguing that the Commission did not have subject matter jurisdiction over the matter and indicating that Defendants' checks had not been cashed.

Defendants then filed a Motion for Dismissal With Prejudice once again asking for entry of "a final award that nullifies [P]laintiff's Commission Form 18, that vacates the Commission Form 60, that reimburses [D]efendants for all workers' compensation benefit that [D]efendants have paid on account of [Michelle's] death, and that dismisses all workers' compensation claims against [D]efendants that arise out of [Michelle's] death."

Plaintiff filed a response and moved for a hearing to determine sanctions against Defendants. Plaintiff specifically asked for attorney's fees as a sanction for Defendant's "undue and unreasonable litigiousness over the entire course of this claim."

After a hearing, by order entered 6 May 2024, the Commission denied Defendants' Request for Relief, dismissed Plaintiff's claim without prejudice for lack of subject matter jurisdiction, and denied Plaintiff's request for sanctions.

Defendants appeal.

## II.    Discussion

### A. Defendants' Appeal

Defendants articulate the issue on appeal as follows: "Whether the []
Commission must vacate its award, which requires the defendants to pay ongoing
workers' compensation death benefits, after the Commission dismissed the case
because it lacked subject matter jurisdiction over the claim."  Defendants' argument
is meritless.

#### 1.  *Standard of Review*

When reviewing a decision of the Commission, this Court examines "whether
any competent evidence supports the Commission's findings of fact and whether those
findings . . . support the Commission's conclusions of law."  *McRae v. Toastmaster,
Inc.*, 358 N.C. 488, 496 (2004) (brackets and citation omitted).  "The Industrial
Commission's findings of fact are conclusive on appeal if supported by competent
evidence even though there is evidence to support a contrary finding."  *Murray v.
Associated Insurers, Inc.*, 341 N.C. 712, 714 (1995) (citation omitted).  Conclusions of
law are reviewed de novo.  *Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480,
483 (2003).

#### 2.  *Subject Matter Jurisdiction*

"Subject matter jurisdiction is the indispensable foundation upon which valid
judicial decisions rest, and in its absence a court has no power to act[.]"  *In re T.R.P.*,

360 N.C. 588, 590 (2006). "Subject matter jurisdiction is conferred upon courts by law and operates as a structural limitation on the power of courts." *Slattery v. Appy City, LLC*, 385 N.C. 726, 729 (2024) (citing N.C. Const. art. IV §§ 1, 12). It is well-settled that "the existence of subject matter jurisdiction is a matter of law and cannot be conferred upon a court by consent." *Id.* (brackets and citation omitted).

"[A] court without subject matter jurisdiction can do nothing more than recognize its lack of jurisdiction and make rulings that are directly consequent to that determination." *Quevedo-Woolf v. Overholser*, 261 N.C. App. 387, 423 (2018). "Any additional action taken would be a nullity and unenforceable." *Id.*

### 3. *Voluntary Dismissal Without Prejudice*

The Commission has adopted rules establishing processes and procedures to be used for carrying out the provisions of the Workers' Compensation Act. *See* N.C. Gen. Stat. § 97-80(a) (2023). Commission Rule 616 allows a claim filed under the Workers' Compensation Act to be dismissed without prejudice "upon order of the Commission in the interest of justice." 11 N.C. Admin. Code 23A.0616(a) (2018). "Unless otherwise ordered by the Commission in the interests of justice, a plaintiff shall have one year from the date of the Order of Voluntary Dismissal Without Prejudice to refile his claim." *Id.*

While the Commission's rules allow for a voluntary dismissal without prejudice of a workers' compensation claim, neither the Workers' Compensation Act nor the Commission's Rules articulate the effect of a plaintiff's voluntary dismissal without

prejudice on the Commission's subject matter jurisdiction. As a result, we look to Civil Procedure Rule 41(a) and cases applying that rule for guidance. *See Lauziere v. Stanley Martin Cmtys., LLC*, 271 N.C. App. 220, 223 (2020) (looking to Rule 41(b) for guidance on involuntary dismissals); *see also Lentz v. Phil's Toy Store*, 228 N.C. App. 416, 421 (2013) (emphasizing that the Rules of Civil Procedure "may provide guidance in the absence of an applicable rule under the Workers' Compensation Act") (citations omitted).

Civil Procedure Rule 41(a) governs voluntary dismissals of actions. The rule allows an action to be dismissed upon a plaintiff's written notice or the parties' written stipulation, N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2023), or "upon order of the judge and upon such terms and conditions as justice requires," *Id.* § 1A-1, Rule 41(a)(2) (2023). Unless such order states otherwise, "a dismissal under this subsection is without prejudice" and "a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time." *Id.*

A voluntary dismissal divests the court of jurisdiction over the matter. *See VSD Commc'ns, Inc. v. Lone Wolf Publ'g Grp., Inc.*, 124 N.C. App. 642, 643-44 (1996) ("The filing of a voluntary dismissal strips the trial court of its authority to enter further orders in the adversary proceedings, 'except as provided by Rule 41(d) which authorizes the court to enter specific orders apportioning and taxing costs.'") (citation omitted); *see also Walker Frames v. Shively*, 123 N.C. App. 643, 646 (1996)

(recognizing that, as a general proposition, a Rule 41(a) dismissal "terminate[s] all adversary proceedings in [the] case") (citations omitted). Upon a plaintiff's voluntary dismissal, "the action [is] terminated. The case [is] closed and nothing further [can] be done regarding it." *Lowe v. Bryant*, 55 N.C. App. 608, 611 (1982) ("The case having been voluntarily dismissed, there was no pending action upon which a valid order could be rendered."); *see also Doe v. Duke Univ.*, 118 N.C. App. 406, 408 (1995) ("Once a party voluntarily dismissed her action pursuant to []Rule 41(a)(1) [], it is as if the suit had never been filed, and the dismissal carries down with it previous rulings and orders in the case.") (cleaned up).

### 4. *Analysis*

Here, Plaintiff filed a Form 18, Notice of Accident to Employer, in the Commission on 11 February 2021. TCS filed a Form 61 in response, denying Plaintiff's workers' compensation claim on 17 February 2022. Defendants maintained that "[P]laintiff has not established that [Michelle's] death is compensable." A mediated settlement conference held on 25 October 2021 ended in an impasse, and as a result, Plaintiff filed an amended request that the claim be assigned for hearing. The Commission then filed a discovery order, granting Plaintiff's motion to compel Defendants to provide certain discovery and setting Plaintiff's claim for a full evidentiary hearing. Defendants, however, asserted that "Plaintiff has refused to identify issues with specificity, that Plaintiff has refused to voluntarily produce relevant documents, and that [P]laintiff has refused to

participate in discovery, in good faith . . . ."

On 17 February 2022, Plaintiff moved to voluntarily dismiss the workers' compensation claim without prejudice in accordance with Commission Rule 616. The Commission granted Plaintiff's motion by order entered the next day. In its order, the Commission noted that Defendants had no objection to Plaintiff's motion and that Plaintiff had one year from the date of the order, or until 18 February 2023, within which to refile his claim. Although Plaintiff had a year within which to refile his claim, he was not required to do so.

Upon entry of this order, the Commission no longer had subject matter jurisdiction over the matter. *See VSD Commc'ns, Inc.*, 124 N.C. App. at 643-44. The Commission could therefore do nothing more than recognize its lack of jurisdiction and make rulings that were "directly consequent to that determination." *Quevedo-Woolf*, 261 N.C. App. at 423. Accordingly, the Commission repeatedly "recognize[d] its lack of jurisdiction" and made rulings "directly consequent to that determination" in response to Defendants' continuous filings. *Id.*

Defendants did not and could not create jurisdiction in the Commission after Plaintiff's claim had been dismissed by filing the Form 60 and sending weekly compensation checks to Plaintiff. Defendants argue that the Form 60 constitutes an "Award" from the Commission. However, because the Commission did not have subject matter jurisdiction over the claim, the Form 60 was nothing more than a nullity. As the deputy commissioner correctly stated in its 20 September 2022 order:

> Once that claim is dismissed (especially here as [TCS] originally denied Plaintiff's claim), the cause of action . . . ceases to exist, and [TCS] cannot force Plaintiff to accept what [it] offer[s] . . . .
>
> . . . .
>
> . . . Plaintiff's claim for workers' compensation benefits was dismissed without prejudice and, therefore, the Commission's obligation to adjudicate the issues before it does not exist until the Plaintiff refiles his claim for benefits as ordered by [the Commission] . . . .

Accordingly, we affirm the Commission's denial of Defendants' Request for Relief and Motion for Dismissal With Prejudice.

## B. Plaintiff's Request for Sanctions

Plaintiff moves this Court to sanction TCS for pursuing a frivolous appeal.

Pursuant to Rule 34 of our Rules of Appellate Procedure, we may sanction a party, an attorney, or both if we determine an appeal was frivolous because it "was not well-grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law" or was "taken or continued for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]" N.C. R. App. P. 34(a). We may impose as sanctions "single or double costs" and "reasonable attorney fees, incurred because of the frivolous appeal[.]" N.C. R. App. P. 34(b)(2).

In evaluating a Rule 34 motion, we focus on whether the appeal itself is frivolous. *See Yeager v. Yeager*, 232 N.C. App. 173, 183 (2014). Generally, we impose

sanctions under Rule 34 when parties repeatedly advance frivolous arguments. *See, e.g., ACC Constr., Inc. v. SunTrust Mortg., Inc.*, 239 N.C. App. 252, 272 (2015) (imposing sanctions in the form of costs and attorney's fees when a plaintiff asked the trial court to set aside an order from a different trial court, and the plaintiff received numerous sanctions at the trial-court level for raising frivolous arguments); *Shebalin v. Shebalin*, 284 N.C. App. 86, 91 (2022) (imposing sanctions due to a party's "insistence to pursue [a] frivolous appeal" after he "repeatedly and baselessly asserted" that an interlocutory order was "a final order, despite the order's interlocutory nature being apparent on its face [and] multiple admonitions from opposing counsel"); *Ritter v. Ritter*, 176 N.C. App. 181, 184-85 (2006) (imposing sanctions pursuant to Rule 34 when a party appealed from an interlocutory order, "fil[ed] numerous non-meritorious motions in the trial court and this Court," and "was cautioned several times by the trial court for ignoring its previous orders, ignoring court rules and procedural requirements, and harassing court personnel").

Here, Plaintiff argues TCS's appeal is frivolous because it "disregards 'a universal principle as old as the law itself' . . . that proceedings in the absence of subject-matter jurisdiction are 'a nullity.'" Plaintiff further argues that "TCS has made no argument—good faith or otherwise—to change this 'universal principle,' nor has TCS even attempted to distinguish the cases which hold that a court that lacks jurisdiction may only dismiss the action without prejudice." Plaintiff finally argues that "TCS has suffered no harm from the [C]ommission's order" because Plaintiff has

not cashed any of the weekly compensation checks sent by TCS in accordance with the Form 60.

Since the entry of the Commission's order dismissing Plaintiff's workers' compensation claim without prejudice on 18 February 2022, TCS has continued to submit forms and filings to the Commission. The Commission has repeatedly explained in its orders denying relief that it lacked subject matter jurisdiction over the claim. On appeal, TCS makes no different argument for subject matter jurisdiction than it repeatedly made to the Commission, and the applicable law and analysis undertaken by this Court is no different from the law relied upon and the analysis undertaken by the Commission.

Indeed, TCS's appeal is "not well-grounded in fact," is "not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," and has been taken "to harass [and] cause unnecessary [] increase in the cost of litigation[.]" N.C. R. App. P. 34(a). In our discretion, we tax TCS with the costs of this appeal, as well as the attorney's fees incurred by Plaintiff in the defense of this appeal. Pursuant to Rule of Appellate Procedure 34(c), we remand this case to the trial court for a determination of the reasonable amount of attorney's fees incurred by Plaintiff in defense of this appeal.

### III.    Conclusion

For the foregoing reasons, we affirm the Commission's order denying Defendants' request for relief and dismissing Plaintiff's claim without prejudice. We

allow Plaintiff's request for sanctions for filing a frivolous appeal.

AFFIRMED AND REMANDED.

Judges FREEMAN and MURRY concur.